JOSHUA C. TUCKER *vs.* LOUISA E. DENICO *et al.*

WASHINGTON—JANUARY 13, 1905.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1) *Equity. Fraudulent Conveyances. Bankruptcy.*

Complainant attached real estate standing in the name of the wife of respondent upon a writ against respondent, and obtained judgment and execution against respondent; execution was levied upon the real estate, which was sold and conveyed to complainant, who made demand for possession thereof on respondent. More than a year after the execution sale respondent was adjudged a bankrupt. Complainant thereupon brought this bill to avoid the conveyance of the real estate, as being fraudulent as to creditors, and to put complainant into possession thereof, and for an account. On demurrer:—

*Held,* that the title of complainant was not affected by the fact that respondent was adjudged a bankrupt, since the lien through the legal proceedings was not obtained within four months prior to the filing of the bankruptcy petition under the provisions of section 67, clause (f) of the bankruptcy act.

*Held,* further, that the bill was within the rule established in *Belcher* v. *Arnold,* 14 R. I. 613, and complainant was entitled to the relief prayed.

BILL IN EQUITY. Heard on demurrer, and demurrer overruled.

DUBOIS, J. This is a bill in equity brought to avoid certain conveyances of real estate as being fraudulent as to creditors,

to put the complainant in possession of said realty, and for an account.

An inspection of the bill discloses the following allegations of fact: That Joseph Denico, respondent and husband of Louisa E. Denico, the other respondent, for years had been indebted to Joshua C. Tucker, the complainant; that said Joseph Denico had no estate, real or personal, standing in his name; that said Louisa E. Denico had certain real estate standing in her name that was purchased with the money of Joseph Denico and placed in her name for the purpose of hindering, delaying, and defrauding the creditors of Joseph Denico in the collection of their just demands against him; that said real estate was in reality the property of Joseph Denico; that Joseph and Louisa E. Denico have living children, the issue of their marriage; that the complainant attached said real estate upon a writ against Joseph Denico in an action brought to recover the amount of Joseph Denico's indebtedness to him and obtained judgment and execution thereon; that the execution was duly levied upon said real estate, which was subsequently sold and conveyed to the complainant, who made demand for possession thereof upon said respondents, who refused; that more than a year after the execution sale of the premises the respondent Joseph Denico was adjudged a bankrupt, and afterwards was refused a discharge upon the ground that he had purchased said real estate with his own money in the name of Louisa E. Denico, his wife, with intent to hinder, delay, and defraud the complainant, who was the only creditor who made proof of claim in the bankruptcy proceedings.

The respondents have demurred to the bill upon the ground that the complainant has a plain, adequate, complete, clear, and certain remedy at law.

The respondents admit that it is well-established law that, under certain circumstances, a creditor's bill may be brought either to reach equitable assets or to set aside fraudulent conveyances, and that, in the case of a creditor's bill brought to set aside fraudulent conveyances, it is not necessary to allege that execution has been returned *nulla bona* (or that

execution has even issued), and that the present bill is to set aside alleged fraudulent conveyances. But they claim that the complainant should have brought his bill in equity prior to the execution sale "in order to clear away a cloud upon the title, so that the interest of the debtor may be sold to better advantage for both his and his creditor's benefit"—*First Nat. Bank of Shreveport* v. *Randall,* 20 R. I. 319; and that as the complainant did not take this course, but on the contrary, sold Joseph Denico's interest in the property to himself, the case is very different from the case above cited because there is now no need of the assistance of a court of equity to enhance the sale of the debtor's interest; and that the plaintiff is now in a position where his remedy at law is sufficient and preferable, in that as he primarily desires possession of the property, an action of ejectment is entirely adequate to his needs; that while it is true that he desires to have a cloud removed from his title, equity will not accord him the privilege of two actions where a single action at law will fulfill all his needs, citing *McCudden* v. *Wheeler & Wilson Mfg. Co.* 23 R. I. 528; *Weaver* v. *Arnold,* 15 R. I. 53; *Keyes* v. *Ketrick,* 25 R. I. 468; and that his prayer for an account is unnecessary, because at law the action of trespass for mesne profits affords him ample relief.

The respondents also further suggest, in a supplemental brief, that the complainant has absolutely no title, legal or equitable, to the real estate in question; that under the United States Bankruptcy Law of July 1, 1898, section 70, all title to the real estate involved has already passed to and is vested in the trustee in bankruptcy of Joseph Denico.

The positions taken by the respondents are, first, that, if the complainant has such a title as he claims, he may obtain possession and an account with full relief at common law; and secondly, that, on his own showing, he has absolutely no title, legal or equitable.

We will first consider the respondents' last contention.

(1)     By the provisions of Gen. Laws R. I. cap. 202, § 1: "Every gift, grant, or conveyance of lands, tenements, hereditaments, goods or chattels, or of any rent, interest, or profit out of the

same, by writing or otherwise, and every note, bill, bond, contract, suit, judgment or execution, had or made and contrived of fraud, covin, collusion, or guile, to the intent or purpose to delay, hinder, or defraud creditors of their just demands of what nature soever, . . . shall be henceforth deemed and taken, as against such person or persons, his, her, or their heirs, successors, executors, administrators or assigns, and every of them whose debts, suits, demands, estates, rights or interests, by such guileful and covinous devices and practices as aforesaid, shall or may be in any wise injured, disturbed, hindered, delayed or defrauded, to be clearly and utterly void, any pretence, color, feigned consideration, expressing of use, or any other matter or thing to the contrary notwithstanding: *Provided, however,* that this section shall not apply as against a *bona fide* purchaser, mortgagee, lessee, or other taker for value without notice."

In administering this statute three rules are recognized:

"First. The purpose of a deed may be so written into it that it can neither be read nor carried into effect without disclosing a fraud incapable of explanation or defence; its provisions may be so inconsistent with real honesty as to be referable only to a fraudulent intent.

"Second. Provisions not thus radically, but only apparently or *prima facie*, dishonest may be explained by the circumstances of the execution of the deed tending to remove the inference of fraud. . . .

"Third. A deed unimpeachable on its face may be shown to be contrived of fraud by the facts which induced it.

"In other words, fraud is the gist of an inquiry under the statute, and it must appear either from the nature of the transaction or intent of the parties." *Austin* v. *Sprague Mfg. Co.,* 14 R. I. 464, pp. 476–7.

As by their demurrer the respondents admit the truth of the allegations of the complainant in the bill, they thereby admit that the conveyances of real estate to Louisa E. Denico were had, made, and contrived of fraud, with intent and purpose to delay, hinder, and defraud the complainant, a creditor of Joseph Denico, of his just demand, and therefore are to be

deemed and taken to be utterly void as against the complainant, whose debt, estate, rights, and interest have been so injuriously affected by such devices. That is to say, by force of the statute the property of Joseph Denico, standing in the name of another, is treated as his own so far as the rights of his creditors thereto, who have taken action thereon, are concerned.

From what instant of time are the conveyances deemed to be void? From the moment when they were first found to obstruct the complainant in the prosecution of his just demand; that is, from the time of attachment on his original writ, December 2d, 1897, at 11:45 o'clock, A. M. From that time the complainant acquired an interest in the land which matured and ripened into a title on January 3d, 1899, the date of the delivery of the deed to him by the deputy of the sheriff.

Such title so acquired could not be affected by the fact that the respondent Joseph Denico was adjudged a bankrupt ten months and nineteen days thereafter, thereby vesting, by operation of law, his property, including property transferred by him in fraud of creditors, in the trustee of his estate, as of the date he was adjudged a bankrupt. Even if the property so attached, levied upon, and sold as the property of Joseph Denico had been standing upon the records in his own name instead of the name of Louisa E. Denico, his wife, there could be no valid claim that his property so attached, levied upon, and sold would pass to his trustee in bankruptcy, because under the provisions of said bankruptcy law, section 67, paragraph f, "all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien, shall be deemed wholly discharged and released from the same, and shall pass to the trustee," etc., etc.

Accordingly we find that the trustee in bankruptcy of Joseph Denico has no title to or interest in the estate.

The present case comes within the rule that in cases of fraud

the jurisdiction in equity and at law is generally concurrent, laid down in the case of *Belcher* v. *Arnold*, 14 R. I. 613, which as reported appears to be a bill brought merely to avoid conveyances of realty as in fraud of creditors and for an account, the bill containing no specific prayer for possession of the property. There was, however, the usual prayer for such other and further relief as the circumstances of the case might require, and under the prayers for relief a decree was entered not only declaring the deeds complained of to be void, and that by virtue of the deputy sheriff's deed the complainants became the owners of the estates therein named, and ordering the respondents to account for the rents and profits from the day of the date of the sheriff's deed, but also determining that the complainants were entitled to the possession and enjoyment of said several estates and ordering the respondents, within fifteen days after demand made upon them in writing by the complainants, to deliver to them such possession.

The case of *Belcher* v. *Arnold*, *supra*, is, therefore, precisely in point, and appears to us to be controlling.

The demurrer is, therefore, overruled.

*A. B. Crafts*, for complainant.

*Page & Page & Cushing and Frederick C. Olney*, for respondents.